# Greenberg Traurig

Robert A. Horowitz
Tel. (212) 801-2194
Fax (212) 801-6400
horowitzr@gtlaw.com

June 5, 2008

**VIA ECF FILING & HAND DELIVERY**

The Honorable Leonard D. Wexler
United States District Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

      Re:    *Lowell Citron v. Sears Holding Corp.*; Civil Action No. CV-07-5321

Dear Judge Wexler:

We represent defendant Sears Holding Corporation ("Sears") in the above-entitled action. In accordance with this Court's local rules, we write to request a pre-motion conference concerning Sears' proposed motion to dismiss the Amended Complaint, in which Plaintiff purports to assert a class action against Sears arising out of an alleged breach of warranty.[1]

### Plaintiff's Allegations

Plaintiff alleges that he purchased a Sears garage door opener on March 16, 2003 (Amended Complaint, ¶26), which came with a written limited warranty providing that:

> From the 91st day until five years from the date of purchase, Sears will furnish replacement parts for any defective parts, free of charge. Labor not included.

*Id.* at ¶28. Plaintiff alleges that in August 2005, he contacted Sears to obtain a free replacement of a safety sensor pursuant to the warranty, and was told that "in order to obtain his replacement part, a Sears technician would be required to make a service call/install the replacement part, at a service charge to Plaintiff." *Id.* at ¶¶29-31. Plaintiff further alleges that on August 8, 2005, a Sears technician conducted a service call, installed the replacement part, and charged Plaintiff $63.55 for labor (there was no charge for the replacement part). *Id.* at ¶32. Plaintiff has not alleged that he told the Sears representative that he wanted to install the part himself or that he

---

[1] Plaintiff withdrew his initial Complaint (Docket No. 1), in which he asserted two antitrust claims based on an alleged unlawful tie-in scheme, after receipt of Sears' counsel's letter to the Court requesting a pre-motion conference with respect to a proposed motion to dismiss that Complaint. (Docket No. 5.)

Honorable Leonard D. Wexler
June 5, 2008
Page 2

objected to having the replacement part installed by a Sears technician. Plaintiff contends that the alleged requirement that the part be installed by Sears, and that he pay for labor, was a violation of the Magnuson-Moss Consumer Product Warranty Act, 15 U.S.C. §2301 *et seq* (the "MMWCPA"), a breach of express and implied warranty, and a violation of New York General Business Law §349. Plaintiff also alleges that Sears was unjustly enriched (by breaching the express warranty).

### Plaintiff Fails To State Any Claim Against Sears Holding Corporation.

All the claims are based on the limited warranty at issue, cited in part in paragraph 28 of the Amended Complaint, which states it was issued by Sears, Roebuck and Co., not Sears Holding. The Amended Complaint fails to state a claim against Sears Holding.

### Plaintiff Fails To State A Claim For Breach Of Express Warranty

The express warranty at issue, titled "Limited Warranty," provides: "Sears will furnish replacement parts free of charge. Labor not included." Plaintiff alleges that Sears furnished the replacement part free of charge but charged for labor, which is precisely what the warranty provides. Plaintiff has failed to allege a breach of express warranty.

### Plaintiff Fails To State A Claim For Breach Of Implied Warranty

Plaintiff alleges that Sears breached the implied warranty of merchantability under N.Y.U.C.C. §2-314 by providing an express warranty that replacement parts would be provided free of charge (Amended Complaint, ¶56) and breaching that express warranty (*Id.* at ¶57). This claim fails as a matter of law because: (1) the implied warranty of merchantability goes to the quality of the goods, and Plaintiff does not complain about the quality of the garage door opener. *See* N.Y.U.C.C. § 2-314(2); *Donahue v. Ferolito, Vultaggio & Sons*, 13 A.D.3d 77, 786 N.Y.S.2d 153 (1st Dep't 2004); (2) this claim is based on the express warranty and therefore is redundant of Plaintiff's claim for breach of express warranty; (3) under the heading "LIMITATION ON LIABILITY" (in boldface type and solid caps), the warranty provides: "This limited warranty is in lieu of any other warranties, express or implied, including any implied warranty of merchantability or fitness for a particular purpose," and such disclaimers are routinely enforced. *See* N.Y.U.C.C. § 2-316(2); *Maltz v. Union Carbide Chemicals & Plastics Co., Inc.*, 992 F. Supp. 286, 304 (S.D.N.Y. 1998) ("it is well-settled that under New York law, parties to a contract may exclude or modify implied warranties so long as the warranty disclaimer is conspicuous and specific"); *Tarulli v. Birds In Paradise*, 1979, 99 Misc.2d 1054, 417 N.Y.S.2d 854 (enforcing the disclaimer in a consumer transaction); and (4) the claim is barred by the 4 year statute of limitations which applies to all claims for breach of implied warranty. N.Y.U.C.C. §725(1) and (2); *Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, , 440 F.Supp. 1088 (N.D.N.Y.1977).

Honorable Leonard D. Wexler
June 5, 2008
Page 3

### Plaintiff Fails To State A Claim For Violation Of The MMCPWA

Plaintiff alleges a violation of the MMCPWA based on Sears' alleged failure to comply with the terms of its written, express, and implied warranties. (Amended Complaint, ¶43). The MMWCPA creates a federal private right of action for breach of express and implied warranty claims under applicable state law. *Temple v. Fleetwood Ent., Inc.,* 133 Fed. Appx. 254 (6th Cir. 2005) ("ultimately, the applicability of the Magnuson-Moss Act is directly dependent upon a sustainable claim for breach of warranty"). This claim fails for the same reason the breach of express and implied warranty claims fail.

### Plaintiff's Claim Under N.Y. GBL §349 Must Be Dismissed

Plaintiffs alleges that Sears violated N.Y. GBL §349 by deceiving customers into expecting they could obtain the replacement parts free of charge and be able to hire whomever they want to repair the garage door opener or perform the repairs themselves. (Amended Complaint, ¶ 62.) This Court should determine as a matter of law that the warranty was not deceptive -- it provided that the replacement part would be furnished free of charge, which it was, and that the consumer would be responsible for the labor ("labor not included").

Moreover, the GBL §349 claim must be dismissed because Plaintiff seeks treble damages and an action under GBL §349 to recover a penalty cannot be maintained as a class action. *See* CPLR 901(b) (prohibiting a class action "to recover a penalty or minimum measure of recovery created or imposed by statute," unless the statute "specifically authorizes the recovery thereof in a class action..."); *See also Leider v. Ralfe,* 387 F.Supp.2d 283, 287-88, 293 (S.D.N.Y. 2005) (holding that that a plaintiff seeking treble damages cannot maintain a class action under GBL §349).

### Plaintiff Fails To State A Claim For Unjust Enrichment

It is well settled New York law that "the existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" *Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.*, 2003 WL 23018888 at *17 (S.D.N.Y., Dec. 22, 2003) (quotation omitted); *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 23, 799 N.Y.S.2d 170 (2005); *Moore v. Microsoft Corp.*, 293 A.D.2d 587, 588, 741 N.Y.S.2d 91 (2d Dept. 2002) (dismissing consumer's unjust enrichment claim because the existence of a valid and enforceable contract governing the particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter). Plaintiff's unjust enrichment claim is based on the alleged breach of the express warranty and therefore should be dismissed.

Respectfully submitted,

Robert A. Horowitz

cc:   David B. Krangle, Esq.   (via fax)